IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 8 - 2007

GREG... .. ANGHAM
CLERK

Civil Action No. 07-cv-00280-BNB

WELDON MOTT, II,

　　Plaintiff,

v.

OFFICER JOHN DOE I,
OFFICER JOHN DOE II,
THE PEOPLE OF THE STATE OF COLORADO,
CITY OF COLORADO SPRINGS,
OFFICE OF THE DISTRICT ATTORNEY, and
DISTRICT ATTORNEY JOHN DOE IV,

　　Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Weldon Mott, II, was confined at the El Paso County Detention Facility in Colorado Springs, Colorado, when he initiated this action.  Mr. Mott currently is confined at the Teller County Jail in Divide, Colorado.  Mr. Mott has filed *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution were violated in 2005 when he was arrested and prosecuted in two domestic violence cases.  As relief he seeks money damages and expungement of the criminal cases from his record.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Mr. Mott is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b), the Court is required to dismiss the complaint, or any portion of the complaint, that seeks monetary relief from a defendant

who is immune from such relief.  For the reasons stated below, the Court will dismiss the complaint in part pursuant to § 1915A(b).

The Court must construe the complaint liberally because Mr. Mott is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be the *pro se* litigant's advocate.  *See id.*

Mr. Mott asserts four claims for relief arising out of his arrest on February 1, 2005, by the Defendant John Doe officers of the Colorado Springs Police Department and his prosecution in two domestic violence cases stemming from his February 1 arrest.  He specifically asserts claims for false arrest, malicious prosecution, abuse of process, and negligence.  In a nutshell, Mr. Mott alleges that he was arrested without a warrant or probable cause and that there was no probable cause to file charges and prosecute the cases against him.  Mr. Mott contends that he was acquitted of all charges in one of the cases and that the second case was dismissed.

The Court first will address the Defendant Mr. Mott identifies as the People of the State of Colorado.  The Court assumes that Mr. Mott is intending to sue the State of Colorado.  However, any claims Mr. Mott is asserting against the State of Colorado are barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  "It is well established that absent an unmistakable waiver by the

2

state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Therefore, the claims asserted against the Defendant identified as the People of the State of Colorado will be dismissed.

Similarly, the Defendant identified as the Office of the District Attorney is a state agency that also is entitled to Eleventh Amendment immunity. Therefore, the claims asserted against the Office of the District Attorney will be dismissed.

Finally, Defendant District Attorney John Doe IV also is entitled to immunity in this action. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Mr. Mott claims that the prosecutor violated his rights by filing and pursuing domestic violence charges against Mr. Mott. Because the prosecutor's actions were taken in the course of his role as an advocate for the State, he is entitled to absolute prosecutorial immunity and the claims against him will be dismissed.

The Court will not address at this time the merits of Mr. Mott's claims against the John Doe police officers and the City of Colorado Springs. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendants the People of the State of Colorado, Office of the District Attorney, and District Attorney John Doe IV are dismissed pursuant to 28 U.S.C. § 1915A(b). It is

FURTHER ORDERED that Defendants the People of the State of Colorado, Office of the District Attorney, and District Attorney John Doe IV are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _8_ day of ___March___, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.   07-cv-00280-BNB

Weldon T. Mott, II
Teller County Jail
PO Box 730
Divide, CO 80814

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on____ 3-8-07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk